John E. Flaherty
Ravin R. Patel
McCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Counsel for Plaintiffs Takeda GmbH,*
*AstraZeneca Pharmaceuticals LP, and*
*AstraZeneca UK Limited.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> TORRENT PHARMA INC. AND TORRENT PHARMACEUTICALS LTD., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.____ |

**COMPLAINT**

Plaintiffs Takeda GmbH ("Takeda"), AstraZeneca Pharmaceuticals LP and AstraZeneca

UK Limited (collectively, "AstraZeneca") (Takeda and AstraZeneca, collectively, "Plaintiffs"),

by its attorneys, hereby allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the patent laws of the

United States, Title 35, United States Code, against Defendants Torrent Pharma Inc. and Torrent

Pharmaceuticals Ltd. (collectively, "Torrent").   This action relates to Abbreviated New Drug

Application ("ANDA") No. 208272 filed by Torrent with the U.S. Food and Drug Administration ("FDA").

2. In ANDA No. 208272, Torrent seeks approval to market 500 mcg tablets of roflumilast, generic versions of Plaintiffs' Daliresp® drug product (the "Torrent ANDA product"), prior to expiration of U.S. Patent Nos. 8,536,206 (the "'206 patent"); 8,604,064 (the "'064 patent"); and 8,618,142 (the "'142 patent") (collectively, the "patents-in-suit").

## PARTIES

3. Takeda GmbH is a corporation organized and existing under the laws of Germany, having its principal place of business at Byk-Gulden-Strasse 2, 78467 Konstanz, Germany.

4. Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership organized under the laws of Delaware, having its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803.

5. AstraZeneca UK Limited is a company incorporated under the Laws of England and Wales, having a registered office at 2 Kingdom Street, London, England W2 6BD.

6. Plaintiffs are engaged in the business of creating, developing, and bringing to market revolutionary pharmaceutical products to help patients prevail against serious diseases, including treatments for Chronic Obstructive Pulmonary Disease ("COPD"). AstraZeneca markets and sells Daliresp® in this judicial district and throughout the United States.

7. Upon information and belief, Torrent Pharmaceuticals Ltd. is a corporation organized and existing under the laws of India, having its principal place of business at Torrent House, Off Ashram Road, Ahmedabad, 380009, Gujarat, India.

8.      Upon information and belief, Torrent Pharma Inc. is a corporation organized and existing under the laws of Delaware with its corporate headquarters at 150 Allen Road, Suite 102, Basking Ridge, New Jersey 07920.

9.      Upon information and belief, Torrent Pharma Inc. is a wholly-owned subsidiary of Torrent Pharmaceuticals Ltd.

## JURISDICTION AND VENUE

10.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

11.      Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

12.      This Court has jurisdiction over Torrent because, upon information and belief, Torrent Pharma Inc. has its corporate headquarters in New Jersey and is the subsidiary and agent of Torrent Pharmaceuticals Ltd.   Upon information and belief, Torrent Pharma Inc. is acting as the agent of Torrent Pharmaceuticals Ltd. with respect to ANDA No. 208272.

13.      In the alternative, this Court has jurisdiction over Torrent Pharmaceuticals Ltd. because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met.

14.      This Court also has jurisdiction over Torrent because, *inter alia*, this action arises from actions of Torrent directed toward New Jersey, and because Torrent has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with New Jersey.   Upon information and belief, Torrent regularly and continuously transacts business within the State of New Jersey, including by selling pharmaceutical products in New Jersey, either on its own or through its affiliates.   Upon information and belief, Torrent derives substantial revenue from the sale of those products in

New Jersey and has availed itself of the privilege of conducting business within the State of New Jersey.

15.     This Court also has jurisdiction over Torrent Pharma Inc. because, *inter alia*, upon information and belief, Torrent Pharma Inc.'s corporate headquarters is located in Basking Ridge, New Jersey.   Upon information and belief, Torrent Pharma Inc., directly or indirectly, manufactures, imports, markets, and sells generic drugs throughout the United States and in this judicial district.

16.     Torrent has previously been sued in this judicial district without objecting on the basis of lack of personal jurisdiction and has availed itself of New Jersey courts through the assertion of counterclaims in suits brought in New Jersey.

17.     For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Torrent.

### PATENTS-IN-SUIT

18.     On September 17, 2013, the U.S. Patent and Trademark Office duly and legally issued the '206 patent, titled "Process For The Preparation Of Roflumilast."   A true and correct copy of the '206 patent is attached hereto as Exhibit A.   The claims of the '206 patent are valid and enforceable.   Takeda is the owner of the '206 patent and has the right to enforce it.   The expiration date of the '206 patent is March 8, 2024.

19.     On December 10, 2013, the U.S. Patent and Trademark Office duly and legally issued the '064 patent, titled "Process For The Preparation Of Roflumilast."   A true and correct copy of the '064 patent is attached hereto as Exhibit B.   The claims of the '064 patent are valid and enforceable.   Takeda is the owner of the '064 patent and has the right to enforce it.   The expiration date of the '064 patent is March 8, 2024.

20.     On December 31, 2013, the U.S. Patent and Trademark Office duly and legally issued the '142 patent, titled "Process For The Preparation Of Roflumilast."   A true and correct copy of the '142 patent is attached hereto as Exhibit C.   The claims of the '142 patent are valid and enforceable.   Takeda is the owner of the '142 patent and has the right to enforce it.   The expiration date of the '142 patent is March 8, 2024.

21.     AstraZeneca UK Limited is the exclusive licensee of the patents-in-suit in the United States.   AstraZeneca UK Limited is also the holder of New Drug Application ("NDA") No. 022522, by which the FDA granted approval for the marketing and sale of 500 mcg strength roflumilast tablets.   AstraZeneca markets roflumilast tablets in the United States, under the trade name "Daliresp®."   The FDA's official publication of approved drugs (the "Orange Book") includes Daliresp® together with the patents-in-suit.   Daliresp® is approved as a treatment to reduce the risk of COPD exacerbation in patients with severe COPD associated with chronic bronchitis and a history of exacerbation.   A copy of the complete prescribing information for Daliresp® approved in NDA No. 022522 is attached as Exhibit D.

22.     AstraZeneca Pharmaceuticals LP is authorized by the patent licensee, AstraZeneca UK Limited, to market and distribute Daliresp® in the United States.

**INFRINGEMENT BY TORRENT**

23.     By letter sent by Federal Express on March 31, 2015, Torrent notified Plaintiffs that Torrent had submitted ANDA No. 208272 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) ("the Daliresp Notice Letter").   Plaintiffs received the Daliresp Notice Letter no earlier than April 1, 2015.

24.     The Daliresp Notice Letter states that Torrent seeks approval from the FDA to engage in the commercial manufacture, use, and sale of the Torrent ANDA product before the expiration of the patents-in-suit.   Upon information and belief, Torrent intends to – directly or

indirectly – engage in the commercial manufacture, use, and sale of the Torrent ANDA product promptly upon receiving FDA approval to do so.

25.    By filing ANDA No. 208272, Torrent has necessarily represented to the FDA that the Torrent ANDA product has the same active ingredient as Daliresp®, has the same method of administration, dosage form, and strength as Daliresp®, and is bioequivalent to Daliresp®.

26.    In the Daliresp Notice Letter, Torrent states that its ANDA contains a Paragraph IV certification asserting that the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of the Torrent ANDA product.

27.    In the Daliresp Notice Letter, Torrent offered confidential access to portions of its ANDA No. 208272 on terms and conditions set forth in the Daliresp Notice Letter ("the Torrent Offer"). Torrent requested that Plaintiffs accept the Torrent Offer before receiving access to Torrent's ANDA No. 208272. The Torrent Offer contained unreasonable restrictions well beyond those that would apply under a protective order on who could view the ANDA. For example, the Torrent Offer contained a broad patent prosecution bar and unreasonably limited access to outside counsel only, thereby preventing outside counsel from seeking the opinion of objective experts or discussing relevant findings with Plaintiffs. The restrictions Torrent has placed on access to ANDA No. 208272 contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, *as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information*" (emphasis added).

28.    This Complaint is being filed before the expiration of forty-five days from the date Plaintiffs received the Daliresp Notice Letter.

## COUNT I

## (INFRINGEMENT OF THE '206 PATENT)

29.     Each of the preceding paragraphs 1 to 28 is incorporated as if fully set forth herein.

30.     Torrent's submission of ANDA No. 208272 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Torrent ANDA product for the same treatment claimed in the '206 patent prior to the expiration of the '206 patent constituted a technical act of infringement of one or more of the claims of the '206 patent under 35 U.S.C. § 271(e)(2)(A).

31.     Torrent's commercial manufacture, use, offer to sell, sale, or importation of the Torrent ANDA product for the same treatment claimed in the '206 patent prior to the expiration of the '206 patent, and its inducement of and/or contribution to such conduct, would further infringe one or more claims of the '206 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

32.     Upon FDA approval of Torrent's ANDA No. 208272, Torrent will infringe one or more claims of the '206 patent by making, using, offering to sell, and selling the Torrent ANDA product for the same treatment claimed in the '206 patent in the United States and/or importing said product into the United States, or by actively inducing and contributing to infringement of the '206 patent by others, under 35 U.S.C. § 271(a)-(c), unless enjoined by the Court.

33.     If Torrent's marketing and sale of the Torrent ANDA product prior to expiration of the '206 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT II

## (INFRINGEMENT OF THE '064 PATENT)

34.     Each of the preceding paragraphs 1 to 33 is incorporated as if fully set forth herein.

35.     Torrent's submission of ANDA No. 208272 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Torrent ANDA product for the same treatment claimed in the '064 patent prior to the expiration of the '064 patent constituted a technical act of infringement of one or more of the claims of the '064 patent under 35 U.S.C. § 271(e)(2)(A).

36.     Torrent's commercial manufacture, use, offer to sell, sale, or importation of the Torrent ANDA product for the same treatment claimed in the '064 patent prior to the expiration of the '064 patent, and its inducement of and/or contribution to such conduct, would further infringe one or more claims of the '064 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

37.     Upon FDA approval of Torrent's ANDA No. 208272, Torrent will infringe one or more claims of the '064 patent by making, using, offering to sell, and selling the Torrent ANDA product for the same treatment claimed in the '064 patent in the United States and/or importing said product into the United States, or by actively inducing and contributing to infringement of the '064 patent by others, under 35 U.S.C. § 271(a)-(c), unless enjoined by the Court.

38.     If Torrent's marketing and sale of the Torrent ANDA product prior to expiration of the '064 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT III

## (INFRINGEMENT OF THE '142 PATENT)

39. Each of the preceding paragraphs 1 to 38 is incorporated as if fully set forth herein.

40. Torrent's submission of ANDA No. 208272 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Torrent ANDA product prior to the expiration of the '142 patent constituted a technical act of infringement of one or more of the claims of the '142 patent under 35 U.S.C. § 271(e)(2)(A).

41. Torrent's commercial manufacture, use, offer to sell, sale, or importation of the Torrent ANDA product prior to the expiration of the '142 patent, and its inducement of and/or contribution to such conduct, would further infringe one or more claims of the '142 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

42. Upon FDA approval of Torrent's ANDA No. 208272, Torrent will infringe one or more claims of the '142 patent by making, using, offering to sell, and selling the Torrent ANDA product in the United States and/or importing said product into the United States, or by actively inducing and contributing to infringement of the '142 patent by others, under 35 U.S.C. § 271(a)-(c), unless enjoined by the Court.

43. If Torrent's marketing and sale of the Torrent ANDA product prior to expiration of the '142 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

1. A judgment that the claims of the patents-in-suit are not invalid, are not unenforceable, and are infringed by Torrent's submission of ANDA No. 208272, and that

Torrent's making, using, offering to sell, or selling in the United States, or importing into the United States the Torrent ANDA product will infringe the patents-in-suit.

2. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of ANDA No. 208272 shall be a date which is not earlier than the latest expiration date of the patents-in-suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

3. An order permanently enjoining Torrent, its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States the Torrent ANDA product until after the latest expiration date of the patents-in-suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

4. Damages or other monetary relief to Plaintiffs if Torrent engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of the Torrent ANDA product prior to the latest expiration date of the patents-in-suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

5. Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285.

Dated:    May 14, 2015                      Respectfully Submitted,

                                           */s/ John E. Flaherty*

                                           John E. Flaherty
                                           Ravin R. Patel
                                           MCCARTER & ENGLISH LLP
                                           Four Gateway Center
                                           100 Mulberry Street
                                           Newark, NJ 07102
                                           (973) 639-7903

                                           *Counsel for Takeda GmbH, AstraZeneca
                                           Pharmaceuticals LP, and AstraZeneca UK
                                           Limited*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is the subject of the following actions.   This list includes the present action and the related actions, all being filed on the same day.

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. MICRO LABS USA, INC. AND MICRO LABS LTD.*, C.A. NO. _____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. ZYDUS PHARMACEUTICALS (USA) INC.*, C.A. NO. _____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. STRIDES PHARMA, INC. AND STRIDES PHARMA GLOBAL PTE LIMITED*, C.A. NO. _____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. APOTEX CORP. AND APOTEX INC.*, C.A. NO. _____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. PRINSTON PHARMACEUTICAL INC.*, C.A. NO. _____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. BRECKENRIDGE PHARMACEUTICAL INC.*, C.A. NO. _____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. CITRON PHARMA LLC AND MSN LABORATORIES PRIVATE LIMITED*, C.A. NO. _____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. MYLAN PHARMACEUTICALS INC.*, C.A. NO. _____ (D.N.J);

*TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, AND ASTRAZENECA UK LIMITED V. HETERO USA INC., HETERO LABS LIMITED UNIT-III, AND HETERO LABS LIMITED*, C.A. NO. _____ (D.N.J);

Dated:   May 14, 2015                               Respectfully Submitted,

*/s/ John E. Flaherty*
_____
John E. Flaherty
Ravin R. Patel
MCCARTER & ENGLISH LLP
Four Gateway Center

- 13 -

100 Mulberry Street
Newark, NJ 07102
(973) 639-7903
jflaherty@mccarter.com

*Attorneys for Takeda GmbH, AstraZeneca Pharmaceuticals LP, and AstraZeneca UK Limited*